UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 16-10224-DJC |
| | ) | |
| GIRMA TILAHUN | ) | |
| WUDNESH WOLDE | ) | |

**MOTION TO MODIFY CONDITIONS OF PROBATION**

Defendants Girma Tilahun and Wudnesh Wolde hereby move to modify the conditions of their probation to give them additional time to comply with obligations imposed by a civil settlement agreement between them and the IRS and HUD that was built into the Plea Agreement. The terms of the civil settlement were, in turn, included verbatim in the judgment as Special Conditions of Supervised Release. As a result, any time Mr. Tilahun and Ms. Wolde have a question about the meaning of the terms of the civil settlement or seek to adjust the timing of performance, they not only must inquire of the government, they must also file a motion with the court to modify the conditions of supervision.

The modification requested by Mr. Tilahun and Ms. Wolde would keep in place as conditions of release their obligations to pay $234,987 to IRS and $62,340 to HUD pursuant to the civil settlement agreement, but would permit the parties to that agreement to address and resolve issues that may arise as to the substance and timing of defendants' obligations directly with each other without involving the Probation Office or the court.

The following issues have arisen.

It is a condition of supervision that Mr. Tilahun and Ms. Wolde pay the first $100,000 of their payment obligations by 4:00 p.m. on the day of sentencing. Undersigned counsel had a

$100,000 check in his possession on the day of sentencing. Counsel discussed making payment with the AUSA and a representative of IRS. The government instructed counsel to hold the check and to send it to an IRS address that would be provided to counsel by the government. To date, the government has not provided an address. Even though the parties have reached this agreement, it is necessary to move to modify the condition of release requiring payment on the day of sentencing.

It is also a condition of release that within thirty days of commencing probation, Mr. Tilahun and Ms. Wolde must:

> Provide to IRS Examination Division all financial information necessary to determine prior tax liabilities;
>
> Provide to IRS Collection Division all financial information necessary to determine ability to pay;
>
> File accurate and complete tax returns; and
>
> Make a good faith effort to pay all delinquent and additional taxes, interest and penalties.

The 30-day deadline in January 20, 2017. Mr. Tilahun and Ms. Wolde require additional time. They also have questions the scope of information they are to provide and the content of amended returns.

Specifically, with respect to providing the IRS Collection and Examination Divisions with "all necessary information," Mr. Tilahun and Ms. Wolde do not know what the divisions require or what they would deem "necessary." Undersigned counsel has requested by email on January 10, 2017 that the government and the IRS identify what the IRS considers necessary rather than leaving it up to Mr. Tilahun and Ms. Wolde to guess.

With respect to filing amended tax returns, counsel advised in his January 10 email that Mr. Tilahun and Ms. Wolde understood that the negotiated and agreed-upon figure of $234,987 set forth in the settlement agreement represents the outstanding tax liability. Counsel suggested that instead of leaving it up to Mr. Tilahun and Ms. Wolde how to break that number out over the various tax years, the IRS should provide guidance as to how it had done so. That way, Mr. Tilahun and Ms. Wolde would not run the risk of amending, filing, and swearing to the accuracy of amended returns that the IRS might not agree are accurate.

Mr. Tilahun and Ms. Wolde also suggested that since the parties had negotiated and agreed to the amount due IRS, instead of filing amended returns, the parties could execute IRS Form 906 Closing Agreement On Final Determination Covering Specific Matters, which the government and the IRS has done in other tax investigations.

The proposed modifications to the existing Special Conditions Of Supervised Release would permit the parties to the civil settlement agreement to work out amongst themselves these and other issues that may arise without involving the court and the Probation Office. For that reason, Mr. Tilahun and Ms. Wolde request that the court modify the conditions of probation by replacing all Special Conditions Of Supervision that relate to the civil settlement agreement with the IRS and HUD with the following:

> The court imposes a civil liability on the defendants, joint and severally, in the amount of $234,987 to the Internal Revenue Service and $62,340 to the U.S. Department of Housing and Urban Development. The Defendants shall pay $100,000 forthwith upon receipt from the government of a mailing address and instructions for the payment.

> The defendants shall cooperate with the Examination and Collection Divisions of the IRS.

> Defendants shall provide all information requested by each Division that is necessary to determine prior tax liabilities and ability to pay within 30 days after receipt

of a request from each Division identifying the specific information each Division requires.

The defendants shall file accurate and complete tax returns for those years in which returns were not filed or for which inaccurate returns were filed, or other paperwork sufficient to establish tax liability that is acceptable to the IRS, on a date specified by the IRS, which shall not be earlier than March 24, 2017.

The defendants shall make a good faith effort to pay all delinquent and additional taxes, interest, and penalties according to a payment schedule to be determined by the IRS and HUD.

Alternatively, Mr. Tilahun and Ms. Wolde request that the court modify the conditions of supervision to extend the deadlines for providing information to the IRS and filing amended returns to March 24, 2017.

                                              GIRMA TILAHUN
                                               By his attorney,

/s/ *E. Peter Parker*
E. Peter Parker
 B.B.O. #552720
151 Merrimac Street
Boston, MA 02114
(617) 742-9099


                                              WUDNESH WOLDE
                                               By her attorney,

/s/ *Derege B. Demissie*
Derege B. Demissie
DEMISSIE & CHURCH
929 Massachusetts Avenue, Suite 101
Cambridge, MA 02139
(617) 354-3944

Certificate of Service

       I, E. Peter Parker, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 20, 2017.

       /s/ *E. Peter Parker*
       E. Peter Parker